**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Joseph WINISHUT, Defendant–
Appellee.**

United States of America,
Plaintiff–Appellant,

v.

Joseph Winishut, Defendant–Appellee.

Nos. 06–30142, 06–30164.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 29, 2006.

Stephen F. Peifer, Esq., Billy Williams, Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff–Appellant.

Nancy Bergeson, Esq., Federal Public Defender's Office (Portland), Portland, OR, for Defendant–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

The government appeals, arguing that the district court committed clear error when it found that defendant Joseph Winishut exhibited exceptional remorse and rehabilitation, and that Winishut's ultimate sentence was unreasonable. Winishut cross-appeals, arguing that the government ignored its duty to advocate for a sentence conforming to the law. We affirm.

We review the district court's factual findings for clear error. *See United States v. Menyweather,* 447 F.3d 625, 630 (9th Cir.2006) (quoting *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005)).

That standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed" before overturning factual findings. *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001). We review Winishut's ultimate sentence for reasonableness. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). The district court found that Winishut's post-offense rehabilitative effort was extraordinary, as was his level of remorse. Those findings were based on evidence in the record, including testimony from his treating therapist. We are not left with a "definite and firm conviction that a mistake has been committed." There was no clear error.

Winishut's crimes were despicable, and his sentence brief. Nevertheless, the district court weighed the 18 U.S.C. § 3553(a) factors, including the seriousness of Winishut's crimes, his criminal history, the need to protect society from further such crimes, the need to promote respect for the law, the need to deter others from engaging in similar conduct, and the need to address Winishut's treatment needs. The district court also assessed Winishut's unique remorse and rehabilitative efforts. The record reflects that the district court considered the appropriate factors. We conclude that the sentence imposed in light of those factors was not unreasonable. *See United States v. Mohamed,* 459 F.3d 979 (9th Cir.2006) (affirming a sentence for a bomb threat nearly five times greater than the Guidelines maximum based on the unique circumstances of the threat).

Winishut's argument that the government ignored its duty under *Booker* assumes that the government cannot advocate, as a general policy, for greater

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

emphasis on one of the § 3553(a) factors. However, prosecutors are afforded great latitude. *See United States v. Simpson,* 927 F.2d 1088, 1091 (9th Cir. 1991).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.